WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—April, 1888.

MATTER OF DEPEW.

*In the matter of the judicial settlement of the account of* THOMAS NELSON, *as executor of the will of* CHARLES A. G. DEPEW, *deceased.*

Where two or more persons are nominated executors in a will, and one of them, alone, qualifies, receives full commissions as executor, and dies,—and thereafter another of the nominees, receives letters and acts, the latter is entitled, in like manner as an administrator *de bonis non*, to full commissions on moneys received and paid out by him, and half-commissions on moneys received and held.

The case appears to be unprovided for by statute.

THE testator, by his will dated August 11th, 1873, appointed three executors, Thomas Nelson, Coffin S. Brown and William S. Tompkins.   On November 26th, 1877, letters testamentary thereon were granted to

said Coffin S. Brown, he alone qualifying as executor. On July 2d, 1885, he died. After, his death, and on August 10th, 1885, letters testamentary thereon were granted to said Thomas Nelson, one of the other executors in said will named, and he now, for the first time since his appointment, presented his accounts for settlement.

The executor, Brown, during his lifetime, made and filed, on three several occasions, his accounts, and decrees were entered thereon, and, after his death, his executors made an account and passed over to Nelson, the present executor, the moneys and other property of the estate of said Depew, deceased, amounting to $16,000. The former executor, Brown, received, in his lifetime, the commissions provided by statute. The executor, Thomas Nelson, on this accounting, submitted the question as to the amount of commissions to which he was now entitled. All the money received by him was $43,132.71. Of this, he had paid out $13,798.96; and the balance of principal he had retained and invested under the provisions of the will.

LENT & HERRICK, *for the executor.*

THE SURROGATE.—The question here to be considered is in regard to the amount of the commissions, to which the present executor is entitled, on this accounting. There seems to be no statutory provision directly affecting it. Full commissions are allowable to a temporary administrator, where he does not subsequently become the administrator in chief, or the executor of a will, pending a contest over which, he is appointed such temporary administrator (Code,

§ 2738).    So, too, if a sole executor die leaving some portion of the estate unadministered, and an administrator with the will annexed be appointed, the latter will be entitled to full commissions on the portions coming into his hands as such; and the same principle governs in the case of an administrator *de bonis non.*    I think it applies with equal force to an executor, one of two or more named in a will, who does not act or qualify until after the death of one who did so qualify and act.    He, in effect, is the successor, and takes up the estate where his predecessor left it, just as does the administrator in chief, *de bonis non,* or with the will annexed, as above stated, and is entitled to commissions in like manner.    The decree in this matter will, therefore, award full commissions to the present executor on the sum received and paid out, and half-commissions, only, on the amount received and not paid out.